IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| P.R. and J.R., parents and legal guardians of minor J.R., ) ) ) Plaintiffs, ) ) v. ) ) ) SHAWNEE MISSION UNIFIED SCHOOL ) DISTRICT No. 512, ) ) Defendant. ) ) | No. 11-2217-CM-DJW |

## MEMORANDUM AND ORDER

Plaintiffs P.R. and J.R., the parents and legal guardians of minor J.R., ("parents"), bring this action under the Individuals with Disabilities Education Act, 20 U.S.C. § 1401 *et seq*. ("IDEA"). Defendant Shawnee Mission Unified School District No. 512 had initiated a due process request seeking to predetermine the adequacy of an Individual Education Program ("IEP") it was offering the parents. After a trial, a decision was rendered in favor of the district. The decision was affirmed. This matter is currently before the court on plaintiffs' Motion to Present Additional Evidence pursuant to 20 U.S.C. [§] 1415(i)(2)(c)(ii) and 34 C.F.R. § 300.516(c) (Doc. 10).

Plaintiffs ask this court to supplement the administrative record with certain testimony and exhibits that plaintiffs were not able to present at the state administrative level allegedly because their due process rights were violated in that proceeding. But this court has not yet been provided with the administrative record. And the court is completely unaware of the type, quantity, or scope of evidence plaintiffs wish to offer.

In an IDEA action such as this, the court is required (1) to examine the records of the administrative proceedings, (2) to hear additional evidence if requested by a party, and (3) to base its decision on the preponderance of the evidence. 20 U.S.C. § 1415(e)(2). "The starting point for determining what additional evidence should be received . . . is the record of the administrative proceeding." *Miller v. Bd. of Educ.*, 455 F. Supp. 2d 1286, 1302 (D. N.M. 2006) (citing *Town of Burlington v. Dep't of Educ. for Com. of Mass.*, 736 F.2d 773, 790 (1st Cir. 1984)); *see also Johnson ex rel. Johnson v. Olathe Dist. Sch.*, 212 F.R.D. 582, 585 (D. Kan. 2003). Without the record, this court has no basis for deciding whether any proposed additional evidence is relevant, non-cumulative, and useful for determining the issue before the court. *See Susan N. v. Wilson Sch. Dist.*, 70 F.3d 751, 760 (3d Cir. 1995); *Miller ex rel. S.M.*, 565 F.3d 1232, 1241 (10th Cir. 2009); *see also O'Toole By & Through O'Toole v. Olathe Dist. Sch.*, 963 F. Supp. 1000, 1015 (D. Kan. 1997). Once the record is properly submitted, however, the court will consider a properly supported motion to file additional evidence. The court therefore denies plaintiff's motion without prejudice to being refiled.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion to Present Additional Evidence pursuant to 20 U.S.C. [§] 1415(i)(2)(c)(ii) and 34 C.F.R. § 300.516(c) (Doc. 10) is denied without prejudice.

Dated this 7th day of December 2011, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**