IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **P.R. and J.R., parents and legal guardians of minor J.R.,** )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>**SHAWNEE MISSION UNIFIED SCHOOL DISTRICT No. 512,** )<br>)<br>Defendant. ) | No. 11-2217-CM-DJW |

## MEMORANDUM AND ORDER

Plaintiffs P.R. and J.R. ("parents"), the parents and legal guardians of minor J.R., bring this action under the Individuals with Disabilities Education Act, 20 U.S.C. § 1401 *et seq*. ("IDEA"). Defendant Shawnee Mission Unified School District No. 512 (the "District") initiated a due process request seeking to predetermine the adequacy of an Individual Education Program ("IEP") it was offering the parents. After a hearing, the hearing officer rendered a decision in favor of the district. A Kansas State Department of Education ("KSDE") review officer affirmed the decision. The court declined to grant plaintiffs' original motion to supplement the administrative record (Doc. 10) on the basis that the administrative record had not yet been provided to the court. The record has since been filed, and the case is currently before the court on plaintiffs' Renewed Motion to Present Additional Evidence pursuant to 20 U.S.C. [§] 1415(i)(2)(c)(ii) and 34 C.F.R. § 300.516(c) (Doc. 21). The parties agree that the previous briefing may be considered by the court in ruling on the renewed motion. (Doc. 22.)

Plaintiffs ask this court to supplement the administrative record with certain testimony and exhibits that plaintiffs were not able to present at the state administrative level allegedly because their due process rights were violated in that proceeding. Because permitting additional testimony at this stage would not be an appropriate remedy for a due process violation, and because the court concludes there was no due process violation, the court denies plaintiffs' motion.

**I.  Factual and Procedural Background**

The facts underlying this case are not disputed. J.R. has autistim and epilepsy. He is a student with a disability within the meaning of the IDEA, and he has had an IEP for years. His IEP provided programming and support for him in the regular general education classroom and curriculum. However, during the 2009-2010 school year—J.R.'s fourth grade year— he began falling behind his peers academically, and his behavior became progressively worse. He was increasingly physically aggressive with staff, teachers, and other students; he was leaving the classroom and occasionally the building without permission; he was disruptively noncompliant throughout the day; and was engaging in other inappropriate behaviors.

In May of 2010 and with the parents' consent, the District performed a reevaluation and confirmed J.R.'s academic weakness and behavioral problems. Based on this data, the District proposed a new IEP in September of 2010 that would change J.R.'s placement from the regular classroom to a self-contained communication disorder classroom. The parents refused to consent to the proposed IEP and change of placement.

**A.  Due Process Hearing**

On November 5, 2010, the District filed a Notice to the parents of a due process hearing, seeking approval of the September 2010 IEP. The hearing was scheduled for January 18, 2011.

Mr. Scott Wasserman, the parents' attorney, participated in a prehearing conference and in a January 6, 2011, telephone conference at which time the hearing officer denied the parents' Motion to Dismiss and Motion for Continuance. A joint conference planning report set a January 10, 2011 deadline for exchanging exhibits. The parents assert that Mr. Wasserman did not designate any exhibits or prospective witnesses by this deadline. Mr. Wasserman filed a motion to withdraw on January 11, 2011, which the hearing officer reviewed and approved on that day. On January 12, the parents submitted *pro se* motions to dismiss and renewed motions for continuance. On January 14, 2011, the hearing officer issued a written decision finding that the due process rights of both J.R. and the District would be prejudiced if the hearing was not conducted as scheduled.

The District offered 47 exhibits and 5 witnesses. Parents, acting *pro se*, gave statements during opening and closing, but presented no evidence or testimony. They conducted limited cross-examination of the District's witnesses. On January 27, the parents submitted a letter to the hearing officer suggesting four potential alternative placements for J.R., which the hearing officer addressed in some detail in his final decision.

In that decision, the hearing officer ultimately concluded that J.R.'s current placement in a regular classroom was not providing him with a free appropriate public education ("FAPE"); and that the District's proposed IEP addressed J.R.'s needs and was reasonably calculated to provide J.R. with a FAPE in the least restrictive environment.

Plaintiffs filed a general notice of appeal; they never specified any particular basis for their appeal. The decision was affirmed by the appointed KSDE review officer.

### B.     District Court Action

Plaintiffs are represented by counsel in this appeal. Plaintiffs' complaint asks the court to reverse the decisions below on the following bases:

1. The District is not authorized under the IDEA to initiate the due process complaint here;

2. Procedural due process was denied at the administrative level because (a) the Hearing Officer erred in permitting counsel to withdraw; (b) the Hearing Officer erred in failing to grant a continuance for plaintiffs to obtain counsel and gather evidence; (c) the Review Officer erred in failing to give plaintiffs an opportunity to supplement the record or advance their basis for the appeal. (*See* Doc. 1 at 4, 6.)

As an alternative to reversing the decisions based on due process violations, plaintiffs argue that because the administrative proceedings denied the parents due process of law, the court is required to accept evidence that was not previously made part of the record. Their motion is accompanied by no exhibits or proposed additions to the record. Plaintiffs offer to make a proffer of the testimony and exhibits that would have otherwise been produced, but do not indicate what those are or for what purpose they would be offered. Presumably this would have to be evidence to support the argument that the District is not authorized under the IDEA to initiate the action it did here, because plaintiffs do not appear to challenge the ultimate determination upholding the IEP.

Additionally, plaintiffs' motion makes a passing conclusory allegation that, at the due process hearing, the burden of proof was improperly placed on plaintiffs to prove the inadequacies of the IEP. Having reviewed the administrative record and the hearing officer's decision, the court rejects this allegation. The hearing officer correctly placed the burden on the District. *See Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49 (2005) (holding that, under the IDEA, the burden of proof in an administrative hearing challenging an IEP is properly placed upon the party seeking relief, whether that is the disabled child or the school district).

## II. Legal Standard for Admission of Additional Evidence

In this IDEA case, the court is required (1) to examine the records of the administrative

proceedings, (2) to "hear additional evidence at the request of a party," and (3) to base its decision on the preponderance of the evidence. 20 U.S.C. § 1415(i)(2)(C)(ii). Although the quoted language does not appear to allow for discretion, courts have largely agreed that "taking of additional evidence as that term is used in [IDEA] is a matter left to the discretion of the trial court." *Johnson v. Olathe Sch. Dist.*, 212 F.R.D. 582, 585 (D. Kan. 2003).

Furthermore, a majority of courts addressing the issue have "narrowly construed the word 'additional.'" *Id*. at 585 & n.12 (collecting cases). The court "must be careful not to allow such evidence to change the character of the hearing from one of review to a trial *de novo*." *Town of Burlington v. Dep't of Educ.*, 736 F.2d 773, 791 (1st Cir. 1984), *aff'd on other grounds*, 471 U.S. 359 (1985). The Tenth Circuit has explained that, under the applicable "modified *de novo*" standard of review, a trial court should "independently review the evidence contained in the administrative record, *accept and review additional evidence, if necessary*, and make a decision based on the preponderance of the evidence, while giving 'due weight' to the administrative proceedings below." *Murray ex rel. Murray v. Montrose Cnty. Sch. Dist. RE-1J*, 51 F.3d 921, 927 (10th Cir. 1995) (emphasis added).

Of central importance is whether the proposed additional evidence is relevant, non-cumulative, and useful for determining the issue before the court. *See Susan N. v. Wilson Sch. Dist.*, 70 F.3d 751, 760 (3rd Cir. 1995); *Miller ex rel. S.M. v. Bd. of Educ.*, 565 F.3d 1232, 1241 (10th Cir. 2009); *see also O'Toole ex rel. O'Toole v. Olathe Dist. Sch.*, 963 F. Supp. 1000, 1015 (D. Kan. 1997).

This court's analysis also takes note of the factors set out in *Town of Burlington*, 736 F.2d at 790. Although the Tenth Circuit has not expressly addressed the *Burlington* factors, *see Tyler V. ex rel. Desiree V. v. St. Vrain Valley Sch. Dist. No. RE-1J*, No. 07-cv-01094-REB-KLM, 2008 WL

2064758, at *1 (D. Colo. May 12, 2008), these factors have been widely accepted by the majority of courts—including this court, *see Johnson*, 184 F.R.D. at 585 & n.12 (collecting cases), and at least one other district court within the Tenth Circuit, *see Miller v. Bd. of Educ.*, 455 F. Supp. 2d 1286, 1302 (D. N.M. 2006).

Under *Burlington*, additional evidence might be justified if offered to repair the record; correct error where the hearing officer improperly excluded evidence; and/or update the court on events that occurred subsequent to the exhaustion of administrative remedies. *Burlington*, 736 F.2d at 790. *Burlington* also cautions the court to be conscious of "the important concerns of not allowing a party to undercut the statutory role of administrative expertise, [and] the unfairness involved in one party's reserving its best evidence for trial." *Id*. at 791. The *Burlington* factors suggesting admission of additional evidence are primarily addressed to remedying issues outside of a plaintiff's control, such as unavailability of a witness or "gaps in the administrative transcript owing to mechanical failure." *Id.* at 790–91. When a party chooses not to introduce evidence below, whether through oversight or for deliberate, strategic reasons, there is less of a case for admitting the evidence on review. *See Walker Cnty. Sch. Dist. v. Bennett*, 203 F.3d 1293, 1297 (11th Cir. 2000) (permitting previously available evidence to be offered in the district court "would raise the dual concerns of unfairly permitting the parties to reserve their best evidence for trial while essentially converting an administrative review proceeding into a trial *de novo*"); *Brandon H. ex rel. Richard H. v. Kennewick Sch. Dist. No. 17*, 82 F. Supp. 2d 1174, 1179, 1183 (E.D. Wash. 2000) (declining to admit additional evidence that was available to the plaintiff at the administrative level where plaintiff "failed to show that he could not have, by due diligence, discovered the information in time to offer it at the hearing").

**III.    Due Process of Law at Due Process Hearing**

Here, plaintiffs argue that they were not afforded due process of law at the administrative level. If this is true, the appropriate relief would be to remand the action for a new due process hearing. *Suggs v. District of Columbia*, 679 F. Supp. 2d 43 (D.D.C. 2010) (remanding IDEA case to hearing officer for further proceedings in light of incomplete record and cursory hearing officer's determination). The court concludes that allowing plaintiffs to present a case in the district court would essentially convert a review proceeding into a trial *de novo*. To this extent, plaintiffs' motion is denied. The court nevertheless evaluates whether plaintiffs' due process rights were infringed. The court believes that more detailed facts are helpful to this analysis.

### A. Additional Facts

Contrary to plaintiffs' assertions, their attorney did timely file preliminary and final witness lists with the hearing officer. (Doc. 11-3, 11-4.) Those documents indicated that plaintiffs had not hired any experts, but named some potential witnesses who had training and expertise. These included Molly Pomeroy, Jeanne Hoverstott, Lee Stickle, Sherry Wallace; Sara Quick; Dr. Teressa Coddington; Dr. Fereydoun Dehkarghani; Dr. Rodney Smith; Rebecca Armstrong; Julie Sterbach; Angela Keller Johnson; Dr. Michael Brown; Katie Woolley; Martha Wofford; all witnesses for the District; and any witnesses needed for rebuttal. (*Id*.)

The Motion for Leave to Withdraw & Notice of Hearing filed by Mr. Wasserman on January 11, 2011, clearly indicates that "[t]he client has discharged counsel." (Doc. 11-6 at 2.) The motion also notifies the parents that the hearings are scheduled for January 18, 2011 through January 21, 2011; that proceedings may be held whether or not the parents are represented by counsel; and that continuances are not ordinarily granted on the basis of a lack of counsel or lack of preparation time. The hearing officer's order permitting withdrawal notifies parents of the same. (Doc. 11-7 at 2.)

The parents' first motion to continue, filed by counsel two weeks before the hearing, sought a

30-day continuance of the hearing on the basis that the parents intended to withdraw J.R. from the District, thus mooting the proceeding. (Doc. 11-5 at 2.) Plaintiffs submitted a letter to the hearing officer urging dismissal of the case on the basis that it was moot because they were withdrawing J.R. (Doc. 11-9 at 2–3.)

On January 14, plaintiffs submitted, *pro se*, a renewed motion for a continuance of seven days, arguing that January 21 (the last day scheduled for the hearing) would be J.R.'s last day of attendance in the District, thus at the end of the continuance the proceeding would be moot. (Doc. 11-10 at 2–3.)

In ruling on the motions, the hearing officer determined that the District's ability to file for a due process hearing is not dependent on a student's enrollment status; a determination as to appropriate placement within the district is important; and the due process right of J.R. and the District would be prejudiced if the hearing was continued. (Doc. 11-11 at 2–3.)

The Parents then submitted a third request for continuance by way of letter to the hearing officer stating that (1) they discharged Mr. Wasserman at his request; (2) they wanted representation and were in the process of retaining new counsel; and (3) they were requesting a 30-day continuance. (Doc. 11-12 at 2.)

The hearing officer also denied this requested continuance and carried on with the hearing as scheduled. Specifically, the hearing officer noted that both parties agreed J.R.'s current placement was not appropriate (Tr. Vol. I at 9), so the focus should be on determining an appropriate placement (*Id*. at 11, 12.). The hearing officer also noted the hearing had been difficult to schedule, and federal and state regulations mandated prompt resolution of the matter. (*Id*. at 10); *see* 34 C.F.R. §§ 300.511(a), 300.515(c); Kan. Stat. Ann. §§ 72-973, 72-975(c)). The hearing officer noted that the proceedings were not horribly complicated, and he encouraged both parties to attend and fully

-8-

participate in the hearing.

### B. Arguments and Analysis

Plaintiffs now point to the following points of error: (a) the hearing officer erred in permitting counsel to withdraw; (b) the hearing officer erred in failing to grant a continuance for plaintiffs to obtain counsel and gather evidence; and (c) the review officer erred in failing to give plaintiffs an opportunity to supplement the record or advance their basis for the appeal. (*See* Doc. 1 at 4, 6.)

The procedural safeguards guaranteed by the IDEA in relation to the due process hearing include: (1) the right to be accompanied and advised by counsel and by individuals with special knowledge or training with respect to the problems of children with disabilities; and (2) the right to present evidence and confront, cross-examine, and compel the attendance of witnesses. *See* 20 U.S.C. § 1415 (h)(1) and (2); Kan. Stat. Ann. § 72-973(b).

Plaintiffs were not denied any of these rights. Specifically, the hearing officer did not violate the parents' due process rights in allowing their attorney to withdraw or in failing to grant any of the requested continuances. Indeed, the parents discharged their counsel days before the hearing while knowing the schedule of proceedings and knowing that a continuance likely would not be granted. Additionally, although they offered no witnesses or exhibits, they participated in the hearing by offering opening and closing statements, and engaging in some cross-examination of the District's witnesses. At the close of the District's evidence, the parents were told that, if they needed more time, they had it, as the hearing was scheduled to last a few more days. (Tr. Vol. II at 317.) The hearing officer informed them that they had the opportunity to testify or bring witnesses in if they wanted, although they were not required to. They declined the opportunity. (*Id*. at 313–14.) The hearing officer informed the parents that the issue before him was J.R.'s placement: all parties agreed that the current placement was inappropriate, but the parents opposed the placement proposed by the

District. The hearing officer specifically asked the parents for their suggestions on alternative placement. (*Id*. at 337.) Parents provided this in the form of a letter a few days after the proceedings, which the hearing officer addressed in his decision.

The District is correct that parents who are offered, but who do not avail themselves of the procedural due process safeguards, are not deprived of due process of law. (Doc. 11 at 7) (citing *J.R. v. Sylvan Union Sch. Dist.*, No. CIV S-06-2136 LKK GGH PS, 2008 WL 682595 (E. D. Cal. March 10, 2008)); *see* U.S. Const. Amend. 14 (standing for the proposition that the fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner). Although the parents may now regret their decisions, they were afforded every opportunity that due process required. *See J.T. ex rel. A.T. v. Medford Bd. of Educ.*, 118 F. App'x 605, 2004 WL 2931045 (3rd Cir. 2004) (holding administrative law judge's (ALJ) decision in favor of school board at due process hearing where student's parents challenged the validity of student's would not be reversed on grounds that ALJ refused to hear parents' case; although ALJ barred testimony of certain persons whose expert reports were not provided to board of education, parents elected to rest without calling a single witness, after ALJ ruled he would allow mother and expert witness to testify and would permit parents to reintroduce expert reports previously submitted at prior hearing); *Roland M. v. The Concord Sch. Comm.*, 910 F.2d 983 (1st Cir. 1990) (holding district court did not abuse discretion in refusing to allow testimony of parents' expert witnesses who had not testified in the administrative process, where parents had been given every opportunity to present the testimony at the administrative level but deliberately withheld it, preferring to use it in district court); *A.M. ex rel. J.M. v. NYC Dep't of Educ.*, __ F. Supp. 2d __, 2012 WL 120052 (E.D. N.Y. Jan. 17, 2012) (holding due process rights of student with diabetes mellitus were not violated by New York City, its

Department of Education, or various other entities; student and his parent were afforded due process hearing to challenge alleged deprivations of educational benefits, and despite alleged defects in proceedings, Impartial Hearing Officer made every effort to assist parent in framing and clarifying her questions, allowed wide-ranging examination of numerous witnesses, including parent herself, and ensured that hearing conformed to appropriate procedural safeguards); *but c.f. Antoine M. v. Chester Upland Sch. Dist.*, 420 F. Supp. 2d 396 (E.D. Pa. 2006) (holding student and his parent, who appealed determination of a special education hearing officer that student was ineligible for compensatory education under the IDEA, presented sufficient justifications for introducing testimony of four witnesses for the first time at the district court level; although the witnesses were available at the administrative hearing, hearing officer had limited evidence by applying a one year limitations period that court was likely to find improper, and plaintiffs had not presented expert testimony because burden of proof had incorrectly been placed on school district).

Further, the court finds no error in the review officer's failing to request plaintiffs' basis for appeal or allow argument or additional evidence. A parent may seek independent review of a hearing officer's decision under the IDEA. The review officer must complete that review within 20 days of the notice requesting review. Under the applicable law, the review officer is tasked with: (1) examining the record of the hearing; (2) determining whether the procedures at the hearing were in accordance with the requirements of due process; (3) affording the parties an opportunity for oral or written argument, or both, at the discretion of the review officer; (4) seeking additional evidence if necessary; (5) rendering an independent decision on any such appeal not later than five days after completion of the review; and (6) sending the decision on any such appeal to the parties and to the state board. Kan. Stat. Ann. § 72-974(b)(1); *see also* 34 C.F.R. § 300.514(b)(2). Generally

-11-

speaking, issues not raised before the review officer are waived on appeal.

In fulfilling her obligation to ensure that the procedures at the hearing complied with due process requirements, the review officer set out the facts and procedural history of the action. She noted:

> A review of the foregoing procedural history of this case shows that all rights guaranteed by law were afforded both parties. . . . In light of the overwhelming weight of the evidence presented, this Review Officer determined no further evidence was needed. For the same reasons, no oral or written argument seemed helpful, either, and were not requested.

(Decision of Review Officer at 3.) She reviewed the decision of the hearing officer, noting that the only issues at the hearing were (1) whether the September 2010 IEP was reasonably calculated to enable J.R. to receive educational benefit as required under IDEA; and (2) whether the District's proposed placement in a self-contained classroom was the least restrictive environment for successful implementation of the IEP. She affirmed the hearing officer's decision on both bases.

The court finds no due process violation in the review officer's proceeding without inquiry into specific bases for the appeal. On the face of the record, the only issue was J.R.'s placement. And plaintiffs failed to specify any other ground for review in their notice of appeal. Regardless, their opportunity to be heard on those unraised grounds have not been foreclosed: the court has considered them here despite the fact that they were not addressed below.

### IV. Conclusion

The parents were not denied procedural due process at the administrative or review level. From the court's review of plaintiffs' complaint, it appears that the only substantive issue remaining in this IDEA case is whether the District was authorized under the IDEA to initiate the due process complaint here.

The parties have not addressed this issue in the briefing on additional evidence. And no motion for judgment on the administrative record has been filed. Therefore, because both parties are entitled to brief the merits of the appeal, the court directs the parties to engage in a status conference with Magistrate Judge David Waxse to determine deadlines for further proceedings, specifically, a briefing schedule on the narrow issue remaining in the appeal.

**IT IS THEREFORE ORDERED** that plaintiffs' Renewed Motion to Present Additional Evidence pursuant to 20 U.S.C. [§] 1415(i)(2)(c)(ii) and 34 C.F.R. § 300.516(c) (Doc. 21) is denied.

Dated this 30th day of April, 2012, at Kansas City, Kansas.

                                                  **s/ Carlos Murguia**
                                                  **CARLOS MURGUIA**
                                                  **United States District Judge**